# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO S. PARDO, M.D., | CASE NO. 14cv305-WQH-DHB |
| Plaintiff, | **ORDER** |
| vs. | |
| SAGE POINT LENDER SERVICES LLC, RESIDENTIAL CREDIT SOLUTIONS, INC., BANK OF AMERICA, NA, THE BANK OF NEW YORK MELLON, As Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-15, formerly known as THE BANK OF NEW YORK, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Remand filed by Plaintiff Francisco Pardo, M.D. (ECF No. 11).

## BACKGROUND

On January 3, 2014, Plaintiff Francisco Pardo, M.D. ("Plaintiff"), proceeding *pro se*, commenced this action by filing the Complaint in the Superior Court of California, County of San Diego (ECF No. 1-2). The Complaint alleges violation of California Business & Professions Code § 17200, retaliation in violation of public policy, intentional interference with business relationships, sexual orientation discrimination, and intentional infliction of emotional distress, all arising from loan modification

negotiations and foreclosure activity in connection with a residential mortgage. Residential Credit Solutions, Inc. ("RCS"), Bank of America, N.A. ("Bank of America"), Bank of New York Mellon ("BNYM"), and Sage Point Lender Services, LLC ("Sage Point") (collectively "Defendants") are named as defendants. The Complaint alleges that Plaintiff is a resident of San Diego County, but does not allege the citizenship of any of the defendants. *Id.* at 2.

On February 10, 2014, Defendants RCS, Bank of America, and BNYM removed the action to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332 on the basis of diversity of citizenship. (ECF No. 1). On February 11, 2014, Defendant Sage Point joined in the Notice of Removal. (ECF No. 4). The Notice of Removal states that RCS is a citizen of Delaware and Texas, Bank of America is a citizen of North Carolina, BNYM is a citizen of New York and Delaware, and Sage Point is a citizen of California. (ECF No. 1 at 4). Despite a lack of diversity between Plaintiff and Sage Point, Defendants removed on the ground that Sage Point's citizenship should be disregarded because Sage Point is a "nominal party." *Id.*

On March 5, 2014, Plaintiff filed a Motion to Remand to state court on the basis of a lack of diversity jurisdiction. (ECF No. 11). On March 26, 2014, Defendants RCS, Bank of America, and BNYM filed an opposition. (ECF No. 14). Defendant Sage Point has not filed an opposition to the Motion to Remand. On April 16, 2014, Plaintiff filed a reply. (ECF No. 23).

## DISCUSSION

28 U.S.C. section 1332 authorizes district courts to exercise original jurisdiction in cases in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning every plaintiff must be diverse from every defendant. *Id.* Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for

the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal jurisdiction must exist at the time the complaint is filed and at the time removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). There is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Plaintiff contends that Defendants have not met their burden in establishing that Sage Point is a nominal party in this action. (ECF No. 11 at 7). Plaintiff asserts that Sage Point was negligent in its duties as a trustee, including those duties surrounding "initiation and maintenance" of the foreclosure process. *Id.* at 8. Plaintiff contends that Sage Point faces "joint and several liability" with the other defendants, as provided by various California Civil Code provisions and the California Homeowner's Bill of Rights. *Id.* at 8-10. Finally, Plaintiff maintains that he sued Sage Point in "good faith" for damages. *Id.* at 15.

Defendants contend that there is diversity jurisdiction because Sage Point is a nominal party. Defendants assert: (1) Sage Point filed a Declaration of Non-Monetary Status in state court "asserting that they [sic] are a nominal defendant," (2) Sage Point was only sued "purely in its capacity as trustee," and (3) no claims are alleged against Sage Point. (ECF No. 1 at 4-5). Defendants also raise three new grounds for removal not stated in the Notice of Removal: (1) Sage Point is a nominal defendant because it is immune from liability under California law for conducting a foreclosure, (2) Sage Point's citizenship can be disregarded because it was fraudulently joined, and (3) any claims against Sage Point have been mooted by cancellation of the foreclosure sale. *Id.* at 6-7.

**1. Sage Point's Declaration of Non-Monetary Status**

California Civil Code section 2924l provides a procedure by which the trustee under a deed of trust named in an "action or proceeding in which that deed of trust is

the subject" may avoid participation in that lawsuit altogether through filing a "declaration of nonmonetary status." Cal. Civ. Code § 2924l. The trustee must file the declaration with a "reasonable belief that is has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee," and if there is no objection by the plaintiff after fifteen days, then the trustee does not have to participate in the action and "shall not be subject to any monetary awards." *Id.* If there is an objection, the trustee must participate in the lawsuit. *Id.* The Ninth Circuit has not addressed the effect that the section 2924l procedure has in federal court. However, several district courts in California have disregarded a trustee defendant's citizenship as being that of a "nominal" defendant when that trustee defendant has properly filed a Declaration of Non-Monetary Status in state court prior to removal. *See, e.g.*, *Figueiredo v. Aurora Loan*, No. C 09-4784, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009); *Amaro v. Option One Mortg. Corp.*, No. EDCV 08-1498, 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009).

Defendants contend that the filing of a Declaration of Non-Monetary Status "confirm[s]" a defendant's "nominal" status. (ECF No. 14 at 5). Plaintiff contends that the Declaration is "far from proof" that Sage Point lacks an interest in this action. (ECF No. 11 at 9). Even assuming that this California procedure may affect a defendant's status in federal court, Sage Point did not avail itself of this provision prior to removal to this Court. Section 2924l requires that fifteen days pass without objection before the Declaration of Non-Monetary Status takes effect, excusing the trustee defendant from participation in the lawsuit and shielding him from liability. *See* Cal. Civ. Code § 2924l(d). Sage Point filed its Declaration on February 4, 2014 in the San Diego County Superior Court. (ECF No. 1-3). Defendants removed to this court only six days later on February 10, 2014. (ECF No. 1). Because Sage Point's Declaration of Non-Monetary Status was of no effect at the time of removal, the Declaration does not

establish that Sage Point is a nominal defendant.[1] *See Strotek*, 300 F.3d at 1131 (stating that federal removal jurisdiction based on diversity requires that diversity exist "as of the time the complaint is filed and removal is effected").

### 2. Other Grounds for Finding Sage Point a "Nominal" Defendant

"[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *see also Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51 (1954). The Ninth Circuit has described a "nominal" defendant as follows:

> A nominal defendant is a person who 'holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute.' [Citation]. The paradigmatic nominal defendant is 'a trustee, agent, or depositary . . . [who is] joined purely as a means of facilitating collection.' [Citation]. As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest. *Id.* Accordingly, 'there is no claim against him and it is unnecessary to obtain subject matter over him once jurisdiction of the defendant is established.'

*S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998) (citing *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)).

A nominal defendant has further been described as a party with "nothing at stake" or one who has "no interest in the action" and is "merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000); *Strotek*, 300 F.3d at 1133.

Defendants contend that Sage Point is a nominal defendant because it was named in this action "purely in its capacity as trustee," and trustees are "often" nominal parties. (ECF No. 1 at 5; ECF No. 14 at 6 (citing *Reynoso v. Paul Fin., LLC*, No. 09-3225, 2009

---

[1] Other district courts of the opinion that section 2924l can transform a trustee defendant into a "nominal" party have similarly required that, prior to removal, a Declaration of Non-Monetary Status be filed in state court and fifteen days pass in order for section 2924l to have any effect in federal court. *See, e.g.*, *Sun v. Bank of Am. Corp.*, No. 10-0004, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010); *Silva v. Wells Fargo Bank NA*, No. CV 11-3200, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011); *Wise v. Suntrust Mortg., Inc.*, No. 11-CV-01360, 2011 WL 1466153 (N.D. Cal. Apr. 18, 2011).

WL 3833494, at *1 (N.D. Cal. Nov. 16, 2009); *Hafiz*, 652 F. Supp. 2d at 1052)). Defendants also contend that the Complaint fails to allege facts or claims against Sage Point. (ECF No. 1 at 5). Plaintiff contends that he has sued Sage Point for damages along with the other defendants on a theory of "joint and several liability," and he has sued Sage Point for its negligence in carrying out its duties as trustee, including foreclosure. (ECF No. 11 at 7-10, 15).

The Court concludes that Defendants have not met their heavy burden of establishing that Sage Point is a nominal defendant with no real interest in this lawsuit. *See Gaus*, 980 F.2d at 566; *cf. Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044-45 (9th Cir. 2009) (agreeing with the Fifth Circuit that the party seeking removal bears a "heavy burden" of proving that the joinder of the in-state party was improper) (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004)). First, Sage Point's status as trustee is only determinative if Sage Point is being sued solely in its role as trustee and "merely to perform [a] ministerial act." *Prudential Real Estate*, 204 F.3d at 873. There is no rule that a party's status as a trustee renders him or her a nominal party. *See Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) ("[The defendant's] status as a trustee is not itself sufficient to render [the defendant] a nominal party."). Lower courts have merely noted that, *e.g.*, "the trustee on a deed of trust is often a nominal party." *Silva,* 2011 WL 2437514, at *5. It is not evident from the Complaint that Sage Point is being sued in its capacity as trustee. In fact, Plaintiff refers to Sage Point as RCS's "legal representative" and "attorney." (ECF No. 1-2 at 3, 8).

Second, Plaintiff is actually suing Sage Point for wrongdoing, not merely as a formal party in order to facilitate collection. *Colello*, 139 F.3d at 676. Plaintiff notes at the outset of his Complaint that the four defendants would be "collectively referred to as 'Defendant,'" and Sage Point, along with RCS's other unnamed agents, would be "collectively referred to as 'Defendants.'" (ECF No. 1-2 at 2-3). Plaintiff makes

several allegations against Defendants collectively. For example, Plaintiff alleges that Defendants have "purposefully and willfully harassed Plaintiff" by "trespassing" and putting the house up for sale, despite him qualifying for a loan modification. *Id.* at 7. Plaintiff also alleges that "Defendant and its agents increased public knowledge of Plaintiff's economic status in reckless and harassing [sic] manner." *Id.* at 11. As to Sage Point specifically, Plaintiff alleges that he received a notice of a foreclosure sale of his home in retaliation for his complaining to Defendants about his rights as a California homeowner. *Id.* at 6. This notice, attached to the Complaint as Exhibit I, was signed by a representative of Sage Point. *Id.* at 110. A fair construction of the Complaint demonstrates at this point in the proceedings that Sage Point is being sued for wrongdoing and not merely as a party from whom to "facilitate collection."[2] Defendants have not met their "heavy burden" by pointing out Plaintiff's pleading deficiencies. *See Gaus*, 980 F.2d at 566; *cf. Hunter*, 582 F.3d at 1044-45.

### 3. Defendants' Other Contentions

Defendants' remaining contentions were raised for the first time in opposition to Plaintiff's Motion to Remand. All grounds for removal must be stated in the notice of removal, and amendments to notices of removal are not permitted after thirty days have passed. *Arco Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000); *see also Azubuike v. Wells Fargo Bank NA,* No. CV 11-04665, 2011 WL 3664264, at *1 n.2 (C.D. Cal. Aug. 19, 2011) (declining to consider fraudulent joinder arguments raised for the first time in opposition to a plaintiff's motion to remand). The Court does not consider the presence of diversity based on a foreclosing trustee's immunity, fraudulent joinder, or mootness of Plaintiff's claims against Sagepoint.

---

[2] Pleading deficiencies that may exist as to allegations against Sage Point are more properly raised in a motion to dismiss. *See, e.g.*, *Newman v. Select Portfolio Servicing, Inc.*, No. C-13-03685, 2013 WL 5708200, at *4 (N.D. Cal. Oct. 21, 2013) ("The mere failure to state a claim is not sufficient to invoke fraudulent joinder or nominal party status.").

# CONCLUSION

IT IS HEREBY ORDERED that the Motion for Remand is GRANTED. (ECF No. 11). Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to San Diego County Superior Court, where it was originally filed and assigned case number 37-2014-00082092-CU-OR-CTL.

DATED: July 14, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge